IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Keith Emmander Harris, )
    Petitioner, )
  )
v. )     1:08cv397 (LO/TRJ)
  )
Gene M. Johnson, )
    Respondent. )

## MEMORANDUM OPINION

Keith Emmander Harris, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for the City of Richmond, Virginia for aggravated malicious wounding, and alleging three claims of ineffective assistance of counsel. Respondent filed a Rule 5 Answer, a Motion to Dismiss, and a Brief in Support of the Motion on August 15, 2008. Petitioner was given the opportunity to file responsive materials, pursuant to Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner has not filed a response with this Court, and this matter is now ripe for disposition. For the reasons that follow, respondent's Motion will be granted, and petitioner's claims will be dismissed.

### I. Background

On May 5, 2005, petitioner was in the vicinity of the Mosby Court Housing Projects visiting family and friends. Harris v. Johnson, No. CL07-67, at *1 (Cir. Ct. May 8, 2007) (hereinafter "Harris I") At some point in the evening, an acquaintance of petitioner's known only as "Red" purchased drugs from a known drug dealer, Dorez Gail. Id. Red believed that the drugs were imitation, and petitioner intervened on her behalf and demanded that Gail return Red's money. Id.

An argument occurred between petitioner and Gail, but after some time Gail and two of his acquaintances, Carlos Austin and an individual known as "Boonie," left the area without incident. Id. Fearing a later altercation, and believing that Gail had a reputation for violence and often carried a gun, petitioner obtained a gun and hid it under his armpit. Id. at 2. A short time later, Gail approached petitioner and began arguing with him about petitioner's earlier interference in the dispute between Gail and Red, while Austin and Boonie stood nearby. Id. Petitioner allegedly felt "boxed in," and eventually punched Gail, causing him to fall. Id. Petitioner believed that Gail was reaching for a weapon as he fell, and petitioner drew his concealed gun and shot Gail in the leg. Id. As petitioner shot Gail, Austin and Boonie fled the scene. Id. However, petitioner chased Austin and shot him once in the back of the leg as Austin ran. Id. Austin continued to run, but then collapsed a short distance later. Id. Petitioner caught up to Austin and shot him nine more times at close range, causing severe injuries to Austin. Id.

Petitioner was later arrested and questioned, and he admitted to shooting Gail. Id. On December 12, 2005, petitioner intended to be tried before the court, however, when petitioner learned that Austin was present and would testify against him, petitioner took counsel's advice to plead guilty to the aggravated malicious wounding of Austin. Id. The Commonwealth nolle prossed all other charges. Id. Counsel also informed petitioner that he would request the trial court to impose a sentence on the low end of the sentencing guidelines range. Id. On February 13, 2006, the court sentenced petitioner to twenty-one years in prison for the malicious aggravated wounding of Austin. Id. at 3.

Petitioner did not appeal his plea, but he filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on July 31, 2006. Pet. 3-4. The Court ordered the trial court to conduct

a plenary hearing and decide the issues raised in the petition, which specifically included three claims of ineffective assistance of counsel:

> (A) Counsel failed to investigate properly the names and addresses of potential witnesses;
>
> (B) Counsel failed to investigate all plausible lines of defense; and
>
> (C) Counsel failed to called Dorez Gail as a witness.

Harris v. Dir. of the Dep't of Corr., No. 061554, *2-4 (Va. Dec. 12, 2007) (hereinafter "Harris II").

Petitioner also raised five additional claims at the plenary hearing, held on March 12, 2007:

> (D) Counsel failed to discuss with petitioner the possibility of pleading guilty and the predicted sentencing range until the day of trial;
>
> (E) Counsel failed to advise petitioner until the morning of trial that the self-defense claim would be unlikely to succeed;
>
> (F) Petitioner entered his guilty plea unknowingly because counsel failed to inform petitioner of the statutory sentencing range;
>
> (G) Counsel failed to explain to petitioner that by pleading guilty petitioner would give up his right to raise the self-defense claim; and
>
> (H) Petitioner's guilty plea was not knowingly, freely, and voluntarily entered, and counsel incorrectly told petitioner that the Commonwealth's attorney wouldn't "jump up and down about it" if counsel asked for a sentence at the low end of the sentencing guidelines.

Harris I, No. CL07-67, at *12-16.

The circuit court issued a Final Order on May 8, 2007, denying the petition and dismissing all of petitioner's claims. Id. at 18. On December 12, 2007, the Supreme Court of Virginia, considering only Claims (A)-(C) as raised in the petition, dismissed the petition. Harris II, No. 061554, at *5. Regarding the five additional claims (D)-(H), the Court noted that those claims were raised for the first time at the plenary hearing, and petitioner failed to file a motion to amend his

3

petition to include those claims. Id. Accordingly, the circuit court had no authority to consider those claims, so they were barred as procedurally defaulted pursuant to Va. Code Ann. § 8.01-654(b)(2) and Dorsey v. Angelone, 261 Va. 601, 604, 544 S.E.2d 350, 352 (2001). Id.

Petitioner filed the instant petition on April 15, 2008, alleging three claims of ineffective assistance of counsel, specifically:

> A.) Counsel failed to investigate properly the location of witnesses, including a "key" witness, that would have aided in petitioner's defense. Attach. A to Pet.
>
> B.) Counsel failed to disclose to petitioner an important witness whose testimony may have "aided in the defense of petitioner's defense." Attach. B to Pet.
>
> C.) Counsel misrepresented and misled petitioner throughout the entire proceedings. Attach. C to Pet.

Respondent filed a Motion to Dismiss on August 15, 2008, and petitioner was given twenty days to file responsive materials. Petitioner has not filed a response with this Court, and this matter is now ripe for disposition.

## II. Procedural Default

The Court finds that Claims (B) and (C) of the instant petition must be dismissed because they are procedurally barred from federal review. In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the

4

exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition.

This does not end the exhaustion analysis because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). A petitioner may nonetheless overcome procedural defaults and have his claims addressed on the merits by showing either cause and prejudice for the default or that a miscarriage of justice would result from the lack of such review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

Here, petitioner admits in his petition that he has not exhausted Claim (C), and it is clear from his petition that he also has not exhausted Claim (B). In Claim (B), petitioner alleges that counsel's failure to inform petitioner of the witness counsel found who had seen the incident deprived petitioner of "the right to this pertinent information that may have been essential to petitioner's life and liberty." Attach. B to Pet. Petitioner alleges that if counsel had told petitioner

about this witness, petitioner "may have decided to proceed to trial." Attach. B to Pet. It appears that the circuit court included a brief discussion of this claim in its discussion of Claim (A) and the witness known as Red. Harris I, No. CL07-67, at *9. The circuit court stated that even if such a witness existed, it was "highly unlikely" that such testimony would have had any significant effect on the trier of fact, so counsel would not have changed his recommendation regarding petitioner's plea, and petitioner failed to satisfy the standard for a claim of ineffective assistance of counsel. Id. However, the court did not include this claim as an additional claim, as it did for Claims (D)-(H), therefore is it not clear that, on review, the Supreme Court of Virginia expressly found this claim procedurally defaulted pursuant to § 8.01-654(b)(2) as it did for Claims (D)-(H).[1]

Nonetheless, Claim (B) still would be treated as exhausted because petitioner now is precluded from bringing that claim in state court. Specifically, Claim (B) would now be procedurally defaulted under Virginia Code § 8.01-654(a)(2) (state habeas petition statute of limitations). Similarly, in Claim (C), petitioner alleges that counsel gave petitioner misleading information regarding his plea, and that counsel informed petitioner that he was going to receive a nine year sentence, while the Commonwealth's attorney stated that in her conversations with counsel this was not the offer she had presented. Attach. C to Pet. Petitioner adds that had he known that the information from counsel was incorrect, he would have withdrawn his plea. Attach. C to Pet. Claim (C) was never raised in petitioner's state habeas petition, and cannot now be raised due to the expiration of the state statute of limitations. Va. Code Ann. § 8.01-654(a)(2). Therefore, Claims (B) and (C) both are simultaneously exhausted and defaulted for the purposes of federal habeas

---

[1] Furthermore, it also is clear that this claim was not considered on the merits, as the Supreme Court expressly noted that it was considering only those claims raised by petitioner in the state petition, not those he raised at the plenary hearing. Harris II, No. 061554, at *5.

review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Where, as here, claims are both exhausted and defaulted for the purposes of federal habeas review, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Here, petitioner has failed to proffer any reason why Claims (B) and (C) should not be procedurally barred. As a result, petitioner's Claims (B) and (C) are procedurally barred from federal review and will be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable

facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

### IV. Discussion

The Court finds that Claim (A) of the instant petition should be dismissed, because the Supreme Court of Virginia's dismissal of petitioner's claim was neither contrary to, nor an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), nor was it based upon an unreasonable determination of the facts. 28 U.S.C. § 2254(d). To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. The Strickland test applies to appellate counsel. See Burger v. Kemp, 483 U.S. 776, 781 (1987).

To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Thus, a petitioner must prove that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Furthermore, even if counsel committed some error, including a "professionally unreasonable" error, the conviction may only be set aside if the error had an actual effect on the judgment. Id. at 691. Thus, for a court to find counsel's performance constituted ineffective assistance, "any deficiencies in counsel's performance must be prejudicial to the defense . . . ." Id.

at 692. It is not enough for a petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Rather, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 (explaining that "a reasonable probability is a probability sufficient to undermine confidence in the outcome").

Ultimately, "failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700. A successful petition must show both, as they are "separate and distinct elements" of the claim. Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

Additionally, the same two-part Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test "is nothing more than a restatement of the standard of attorney competence already set forth in...McMann v. Richardson," 397 U.S. 759, 771 (1970), which held that the relevant inquiry is whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong, a petitioner challenging counsel's effectiveness in the context of a guilty plea must show that there was an effect on the outcome of the plea process, meaning "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (holding that, with respect to the prejudice prong, defendant had failed to demonstrate that but

for the allegedly ineffective assistance, a reasonable defendant would have insisted on proceeding to trial, and therefore had not satisfied the Strickland test).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a plea agreement, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). The declarations made "in open court carry a strong presumption of verity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74.

In Claim (A), petitioner argues that he provided counsel with a list of names and addresses of potential witnesses, including a "key" witness who was present during the altercation between the petitioner and the victims. Attach. A to Pet. According to plaintiff, the witness, known by the nickname "Red," had provided an address at which she frequently stayed, but petitioner's counsel allegedly stated that "he was not going into no housing projects to search for a witness he only knew by the name of Red" with the risks involved in going into "that type of neighborhood." Attach. A to Pet. Counsel allegedly made these statements to petitioner, to the Virginia State Bar, and during the plenary hearing for petitioner's state petition for a writ of habeas corpus in the circuit court. Attach. A to Pet. According to petitioner, when counsel was asked why he could not send an investigator, counsel stated that if the witness had a criminal background it would be a waste of time, and could potentially hurt the defense. Attach. A to Pet. Counsel also stated that although petitioner could not pay for an investigator, if petitioner could provide more information on "Red" and her importance to the defense, counsel would have paid for the investigator himself. Attach. A to Pet.

Petitioner states that "counsel['s] prejudice towards the locality of the area where 'Red' could be found did cause him to render ineffective counsel." Attach. A to Pet.

Despite the allegations set forth in the instant petition, testimony at the plenary hearing disputes the assertions made by petitioner regarding counsel's performance. According to counsel, on multiple occasions he asked petitioner and petitioner's wife to provide him with the names and addresses of witnesses to the shooting. Harris I, No. CL07-67, at *4. Counsel testified that the only information he received from petitioner was the nickname of a woman, "Red," and her general location rather than a specific address. Id. Counsel stated that he reviewed the Commonwealth's files and found no information on Red. Id. The Commonwealth's attorney also testified that detectives were never able to locate Red. Id. Thus, the absence of Red as a witness was not due to prejudice or a lack of diligence on the part of counsel, and his actions fell within the range of reasonable professional assistance. Additionally, petitioner testified that had Red been found, she would have corroborated petitioner's claims that he did not intend to start the initial altercation with Gail. Id. However, petitioner was convicted only of shooting Austin, not Gail, therefore, the absence of Red's testimony did not prejudice petitioner.

Regarding the presence of additional witnesses, counsel stated that he had contacted a former client who was familiar with the area where the shooting took place in an attempt to get names of potential witnesses, but that he was unsuccessful. Id. Furthermore, although petitioner stated that he gave counsel a list of witnesses, he failed to identify the names of any of these alleged witnesses or to provide a proffer of the testimony they would have given had they appeared at trial. Petitioner thus has failed to show that counsel's performance was deficient, or that there is a reasonable probability that but for counsel's alleged error petitioner would not have pled guilty and would have

11

insisted on going to trial. Thus, rejection of this claim by the Supreme Court of Virginia was not contrary to, nor an unreasonable application of Strickland, and this claim will be dismissed.

### V. Conclusion

Because petitioner has failed to demonstrate that counsel's performance was deficient, and has also failed to prove that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different, Claim (A) is without merit, and will be dismissed. Additionally, Claims (B) and (C) are procedurally barred from federal review, and also will be dismissed. An appropriate Order shall issue.

Entered this 5th day of January 2009.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge